CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
04/04/02
MICHAEL N. MILBY, CLERK
BY DEPUTY H. Zippen

United States Courts
Southern District of Texas
ENTERED

APR 5 2002

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re LANDRY'S SEAFOOD RESTAURANTS, INC. SECURITIES LITIGATION | § § § § | Master File No. H-99-1948 |
| ———————————————— | § § | CLASS ACTION |
| This Document Relates To: | § § | |
| ALL ACTIONS. | § § | |

**ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

#147

WHEREAS, a consolidated class action is pending before the Court entitled *In re Landry's Seafood Restaurants, Inc. Securities Litigation*, Master File No. H-99-1948 (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of November 20, 2001 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, the Stipulation provides for the conditional certification of a Settlement Class for the purposes of the settlement; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Class consisting of all Persons (except Defendants, present and former executive officers and directors of any Defendant and/or their subsidiaries, their immediate heirs, successors, assigns and members of the immediate families of Defendants) who purchased Landry's common stock during the period from December 19, 1997 through September 18, 1998, inclusive, excluding those persons who timely and validly request exclusion from the Settlement Class pursuant to the "Notice of Pendency and Proposed Settlement of Class Action" to be sent to the Class.  Included in the Class are those persons who acquired Landry's stock pursuant or traceable to the offering conducted on March 13, 1998.

2.     With respect to the Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions;

(c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

3.    The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

4.    A hearing (the "Settlement Hearing") shall be held before this Court on _June 13_, 2002, at _9:00 a_.m., at the United States Courthouse, 515 Rusk Avenue, Houston, Texas, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Representative Plaintiffs' Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

5.    The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for Publication ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶7-8 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.    The certification of the Class shall be binding only with respect to the settlement of the Litigation. If, for any reason, the Stipulation is terminated, or the Effective Date for any reason

does not occur, the certification of the Class shall automatically be vacated, and the Litigation shall proceed as though the Class has never been certified, and Defendants may assert all objections to class certification.

7.    Plaintiffs' Settlement Counsel are hereby authorized to retain the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)    Plaintiffs' Settlement Counsel shall make reasonable efforts to identify all Persons who are members of the Settlement Class, including beneficial owners whose Landry's shares are held by banks, brokerage firms, or other nominees;

(b)    Not later than *April 19th*, 2002  (the "Notice Date"), Plaintiffs' Settlement Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(c)    Not later than *April 25th*, 2002, Plaintiffs' Settlement Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(d)    At least seven (7) days prior to the Settlement Hearing, Plaintiffs' Settlement Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.    Nominees who purchased the common stock of Landry's for the beneficial ownership of another Person during the period beginning December 19, 1997 through September 18, 1998, inclusive, shall send the Notice and the Proof of Claim to such beneficial owner of such Landry's stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Plaintiffs' Settlement Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not

have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9.     Any Class Member may, upon request, be excluded from the settlement. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than *May 20*, 2002. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and sales of Landry's common stock made during the Class Period, including the dates, the number of such shares, and the price paid or received per share for each such purchase or sale; and (3) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

10.     All members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

11.     Settlement Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

12.     Any member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Settlement Counsel.

13.     Pending resolution of these settlement proceedings, no other action now pending or hereafter filed arising out of all or any part of the subject matter of the Litigation shall be maintained as a class action, and except as provided by this or further order of the Court, for good cause shown, all Settlement Class Members are hereby enjoined during the pendency of these settlement

- 4 -

proceedings from filing or prosecuting purported class actions against any Released Person with respect to any of the Released Claims.

14.     Any member of the Settlement Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, just, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to counsel for the Representative Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to counsel for the Representative Plaintiffs, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before *May 20th*, 2002, by Keith F. Park, Milberg Weiss Bershad Hynes & Lerach LLP, 401 B Street, Suite 1700, San Diego, California 92101; Joseph Weiss, Weiss & Yourman, 551 Fifth St., Suite 1600, New York, NY 10176; Nina F. Locker, Ignacio E. Salceda, Wilson, Sonsini, Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304 and filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of Texas, Houston Division, on or before *May 20th*, 2002. Wilson, Sonsini, Goodrich & Rosati shall thereafter provide other counsel for Defendants with copies of such documents. Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the Representative Plaintiffs, unless otherwise ordered by the Court.

15.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Settlement Class Member or counsel to the Representative Plaintiffs shall have any right to any

- 5 -

portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.     All papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Representative Plaintiff for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) days prior to the Settlement Hearing.

18.     Neither Defendants and the Related Parties nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Representative Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

19.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Settlement Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

20.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Representative Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

21.     Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal other than in such proceedings as may be necessary to consummate or enforce the Stipulation or the settlement provided for therein, or the Judgment, except that Defendants may file the Stipulation

and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  If any Released Claims are asserted against any Defendant in any court prior to final Court approval of the settlement, Plaintiffs' Settlement Counsel shall use their best efforts to effect a withdrawal or dismissal of the claims.  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

22.     The Final Judgment will permanently bar and enjoin the Representative Plaintiffs and all members of the Settlement Class from instituting or prosecuting, in any capacity, any action or proceeding that asserts any of the Released Claims.

23.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

DATED: *April 4 th , 2002*     *Melinda Harmon*
THE HONORABLE MELINDA HARMON
UNITED STATES DISTRICT JUDGE

N:\CASES\Landrys.set\bmg82407.e-a

- 7 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re LANDRY'S SEAFOOD RESTAURANTS, INC. SECURITIES LITIGATION | § § § | Master File No. H-99-1948 |
| | § | CLASS ACTION |
| | § | |
| This Document Relates To: | § § | |
| ALL ACTIONS. | § § | |

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION**

EXHIBIT A-1

TO:   ALL PERSONS WHO PURCHASED LANDRY'S SEAFOOD RESTAURANT, INC. ("LANDRY'S") COMMON STOCK DURING THE PERIOD COMMENCING DECEMBER 19 1997 THROUGH SEPTEMBER 18, 1998, INCLUSIVE

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2002.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas, Houston Division (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of this class action litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement. The proposed settlement would resolve the class action litigation pending in the Court as more fully described in §III, below. This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation or the merits of the claims or defenses asserted. This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and this Litigation.

The proposed settlement creates a fund in the amount of $6,000,000 (the "Settlement Fund") and will include interest that accrues on the Settlement Fund prior to distribution. Based on Lead Plaintiffs' estimate of the number of shares entitled to participate in the settlement, and the anticipated number of claims to be submitted by Class Members, the average distribution per share would be approximately $0.67 before deduction of court-approved fees and expenses. However, your actual recovery from this fund will depend on a number of variables including the number of Claimants, the number of shares you purchased or sold, the expense of administering the claims process, and the timing of your purchases and sales, if any.

Lead Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to have prevailed on each claim asserted. The issues

- 1 -

on which the parties disagree include: (1) the appropriate economic model for determining the amount by which Landry's common stock was allegedly artificially inflated (if at all) during the Class Period; (2) the amount by which Landry's common stock was allegedly artificially inflated (if at all) during the Class Period; (3) the effect of various market forces influencing the trading price of Landry's common stock at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Landry's common stock at various times during the Class Period; (5) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Landry's common stock at various times during the Class Period; (6) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the trading price of Landry's common stock at various times during the Class Period; and (7) whether the statements made or facts allegedly omitted were false, material or otherwise actionable under state law or the federal securities laws.

The Lead Plaintiffs believe that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that Lead Plaintiffs would not have prevailed on any of their claims, in which case the Class would receive nothing. In addition, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the litigation gone to trial, Defendants intended to assert that all or most of the losses of Class Members were caused by non-actionable market, industry or general economic factors. Defendants would also assert that throughout the Class Period the uncertainties and risks associated with Landry's business and financial condition were fully and adequately disclosed.

Representative Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of the Representative Plaintiffs and the members of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenditures. If the settlement is approved by the Court, counsel for the plaintiffs will apply to the Court for attorneys' fees of 30% of the settlement proceeds and reimbursement of out-of-pocket expenses not to exceed

$275,000.00 to be paid from the settlement proceeds. If the amount requested by counsel is approved by the Court, the average cost per share would be $0.23.

For further information regarding this settlement you may contact: Rick Nelson, Milberg Weiss Bershad Hynes & Lerach LLP, 401 B Street, Suite 1700, San Diego, California 92101, Telephone: 619/231-1058. Please do not call any representative of Landry's.

## I.    NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on _____, 2002, at ___ _.m., before the Honorable Melinda Harmon, United States District Judge, at the United States Courthouse, 515 Rusk Avenue, Houston, Texas (the "Settlement Hearing"). The purpose of the Settlement Hearing will be to determine: (1) whether the settlement consisting of $6 million in cash (plus accrued interest) should be approved as fair, just, reasonable and adequate to each of the parties; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, just, reasonable, and adequate; (3) whether Lead Plaintiffs' counsel have adequately represented the Class; (4) whether the application by Representative Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (5) whether the Litigation should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

## II.    DEFINITIONS USED IN THIS NOTICE

1.    "Class" means all Persons (except Defendants, present and former executive officers and directors of any Defendant and/or their subsidiaries, their immediate heirs, successors, assigns and members of the immediate families of Defendants) who purchased Landry's common stock during the period from December 19, 1997 through September 18, 1998, inclusive, excluding those persons who timely and validly request exclusion from the Settlement Class pursuant to the "Notice of Pendency and Proposed Settlement of Class Action" to be sent to the Class. Included in the Class are those persons who acquired Landry's stock pursuant or traceable to the offering conducted on March 13, 1998.

2.    "Defendants" means Landry's, Tilman J. Fertitta, E.A. Jaksa, Jr., Steven L. Scheinthal, Paul S. West, Richard E. Ervin, James E. Masucci, Joe Max Taylor and Banc of America Securities

- 3 -

LLC/NationsBank Montgomery Securities LLC, J.C. Bradford & Co., Morgan Stanley Dean Witter, Piper Jaffray, Inc. and Sanders Morris Mundy.

3.       "Lead Plaintiffs" means Vincent Pino and Herbert Stone, appointed pursuant to this Court's Order of May 25, 2000.

4.       "Plaintiffs' Settlement Counsel" means William S. Lerach, Patrick J. Coughlin, Keith F. Park, Milberg Weiss Bershad Hynes & Lerach LLP, 401 B Street, Suite 1700, San Diego, California, 92101, telephone (619) 231-1058; and Joseph Weiss, Weiss & Yourman, 551 Fifth Avenue, Suite 1600, New York, NY 10176, telephone (212) 682-3025.

5.       "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his family.

6.       "Released Claims" shall collectively mean any and all claims (including Unknown Claims as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted by any of the Representative Plaintiffs and/or Settlement Class Members against any of the Defendants and/or the Related Parties arising out of, based upon or related to both the purchase of Landry's common stock by the Representative Plaintiffs or by any other Settlement Class Member during the Class Period and any of the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were, could or might have been alleged in the Litigation based upon the facts which were alleged.

7.       "Released Persons" means each and all of the Defendants and the Related Parties.

8.       "Representative Plaintiffs" means each plaintiff who has appeared in the Litigation.

9.       "Representative Plaintiffs' Counsel" means counsel who have appeared for any of the Representative Plaintiffs in the Litigation.

10.     "Settlement Class" or "Settlement Class Member" consist of or mean any Class Member who does not timely and validly request exclusion from the Class as defined in ¶1 above.

11.     "Unknown Claims" means any Released Claims which any of the Representative Plaintiffs and/or Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Upon the Effective Date, the Representative Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable or equivalent to California Civil Code §1542.  The Representative Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Representative Plaintiffs acknowledge, and the Settlement Class Members

- 5 -

shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## III.   THE LITIGATION

On and after June 22, 1999, the following actions (collectively, the "Litigation") were filed in the United States District Court for the Southern District of Texas, Houston Division, as securities class actions on behalf of purchasers of Landry's Seafood Restaurants, Inc. ("Landry's" or the "Company") during defined periods of time:

1.    *Laney v. Landry's Seafood Restaurants, Inc., et al.,*

2.    *Newton v. Landry's Seafood Restaurants, Inc., et al.*

3.    *Mazzocco, et al. v. Landry's Seafood Restaurants, Inc., et al.*

4.    *Durnin v. Landry's Seafood Restaurants, Inc., et al.*

5.    *Petroski v. Landry's Seafood Restaurants, Inc., et al.*

The operative complaint (the "Complaint") is the Consolidated Amended Complaint for Violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, filed on July 10, 2000. The Complaint alleges claims for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated thereunder and §§11 and 15 of the Securities Act of 1933 (the "Securities Act").

On May 25, 2000, the Court appointed Vincent Pino and Herbert Stone as lead plaintiffs under §21D(a)(3)(B) of the Exchange Act and approved Lead Plaintiffs' selection of Milberg Weiss Bershad Hynes & Lerach LLP, and Weiss & Yourman as Co-Lead Counsel pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

## IV.   CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, counsel for the Lead Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Counsel for the Lead Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Counsel for the Lead Plaintiffs also are mindful of the inherent problems of proof under and possible defenses to the claims asserted in the Litigation. Counsel for the Lead Plaintiffs believes that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, counsel for the Lead Plaintiffs have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiffs and the Settlement Class.

## V.   DEFENDANTS NON-ADMISSION OF WRONGDOING AND LIABILITY

Nothing in the Stipulation is intended, or should be construed, as an admission or concession of any of the claims and contentions alleged by the Representative Plaintiffs in the Litigation, including without limitation any charges of wrongdoing or liability against the Defendants arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation and also including, without limitation, the allegations that the Representative Plaintiffs or the Class have suffered damage, that the price of Landry's common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Representative Plaintiffs or the Class were harmed by the conduct alleged in the Complaint.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. The Defendants have, therefore, determined that it is desirable and beneficial

to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI. TERMS OF THE PROPOSED SETTLEMENT

Defendants have paid or caused to be paid into an escrow account, pursuant to the terms of the Stipulation of Settlement dated as of November 20, 2001 (the "Stipulation"), cash in the amount of $6 million which has been earning and will continue to earn interest for the benefit of the Settlement Class.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted.  In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to counsel for Representative Plaintiffs as attorneys' fees and for reimbursement of out-of-pocket expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Settlement Class Members who submit valid and timely Proof of Claim forms.

## VII. PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation described below.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Plaintiffs' counsel have consulted with their damage consultants and the Plan of Allocation reflects an assessment of the damages that could have been recovered had plaintiffs prevailed at trial as well as plaintiffs' counsel's assessment of the likelihood of establishing liability for various periods of the Class.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all

Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

1.      For shares of Landry's common stock that were purchased on December 19, 1997 through June 22, 1998, and

        (a)      sold prior to June 23, 1998, the claim per share is $0;

        (b)      sold from June 23, 1998 through September 18, 1998, the claim per share is the lesser of: (i) $1.813 per share (6/23/98 price decline), or (ii) the purchase price less the sales price;

        (c)      retained at the end of September 18, 1998, the claim per share is the lesser of: (i) $1.850 per share (6/23/98 price decline and post class period price decline), or (ii) the purchase price less $7.388 per share (5 day average price following the Class Period).

2.      For shares of Landry's common stock that were purchased from June 23, 1998 through September 18, 1998, and

        (a)      sold prior to September 21, 1998, the claim per share is $0;

        (b)      retained at the end of September 18, 1998, the claim per share is the lesser of: (i) $0.037 per share (post Class Period price decline), or (ii) the purchase price less $7.388 per share (5 day average price following the Class Period).

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.  The determination of the price paid per share and the price received per share, shall be exclusive of all commissions, taxes, fees and charges.

For Settlement Class Members who held shares at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim.  Under the FIFO method, shares sold during the Class Period will be matched first against shares held at the beginning of the Class Period.  The sale of any remaining shares during the Class Period will then be matched in chronological order against shares purchased during the Class Period.

- 9 -

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net loss, after all profits from transactions in Landry's common stock during the Class Period are subtracted from all losses. However, the proceeds from sales of shares which have been matched against shares held at the beginning of the Class Period will not be used in the calculation of such net loss.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

## VIII.   ORDER CERTIFYING A CLASS FOR PURPOSES OF SETTLEMENT

On _____, 2002, the Court certified a class for settlement purposes only, as defined above.

## IX.   PARTICIPATION IN THE CLASS

If you fall within the definition of the Settlement Class, you will be bound by any judgment entered with respect to the settlement in the Litigation whether or not you file a Proof of Claim. If you choose, you may enter an appearance individually or through your own counsel at your own expense.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim and Release must be postmarked on or before _____, 2002, and delivered to the Claims Administrator at the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## X.   EXCLUSION FROM THE CLASS

You may request to be excluded from the Settlement Class. To do so, you must mail a written request to:

> *In re Landry's Seafood Restaurants, Inc. Securities Litigation*
> c/o Claims Administrator
> Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

The request for exclusion must state: (1) your name, address, and telephone number; (2) all purchases and sales of Landry's stock made during the Class Period, including the dates, the number of Landry's shares and price paid or received per share for each such purchase or sale; and (3) that you wish to be excluded from the Settlement Class.   TO BE VALID, A REQUEST FOR EXCLUSION MUST STATE ALL OF THE FOREGOING INFORMATION. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE _____, 2002.  If you submit a valid and timely Request for Exclusion, you shall have no rights under the settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

## XI.   DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice ("Judgment").  The Judgment will dismiss the Released Claims with prejudice as to all Defendants.

The Judgment will provide that all Settlement Class Members who do not validly and timely request to be excluded from the Settlement Class shall be deemed to have released and forever discharged all Released Claims (to the extent members of the Settlement Class have such claims) against all Released Persons.

The Court may approve the settlement with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

## XII.   APPLICATION FOR FEES, EXPENSES AND AWARDS

At the Settlement Hearing, counsel for Representative Plaintiffs will request the Court to award attorneys' fees of 30% of the Settlement Fund, plus reimbursement of the expenses, not to exceed $275,000.00, which were advanced in connection with the Litigation, plus interest thereon. Counsel for the Lead Plaintiffs will seek awards of up to $3,000.00 each to reimburse Lead Plaintiffs for their time spent and expenses incurred while serving as Lead Plaintiffs.  Settlement Class Members are not personally liable for any such fees, expenses or compensation.

To date, Representative Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of Representative Plaintiffs and the Members of the Class,

nor have counsel been reimbursed for their out-of-pocket expenses. The fee requested by Representative Plaintiffs' Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Settlement Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XIII.  CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of November 19, 2001.

## XIV.  THE RIGHT TO BE HEARD AT THE HEARING

Any Settlement Class Member who has not validly and timely requested to be excluded from the Settlement Class, and who objects to any aspect of the settlement, the Plan of Allocation, the adequacy of representation by Lead Plaintiffs' counsel, or the application for attorneys' fees and expenses, may appear and be heard at the Settlement Hearing. Any such person must submit a written notice of objection such that it is received on or before _____, 2002, by each of the following:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF TEXAS
> HOUSTON DIVISION
> 515 Rusk Avenue
> Houston, Texas 77002
>
> ***Counsel for Plaintiffs***:
>
> MILBERG WEISS BERSHAD
>  HYNES & LERACH LLP
> KEITH F. PARK
> 401 B Street
> Suite 1700
> San Diego, CA  92101

WEISS & YOURMAN
JOSEPH WEISS
551 Fifth Avenue
Suite 1600
New York, NY 10176

***Counsel for Certain Defendants***:

WILSON, SONSINI, GOODRICH &
 ROSATI
NINA F. LOCKER
IGNACIO E. SALCEDA
650 Page Mill Road
Palo Alto, CA 94304-1050

The notice of objection must demonstrate the objecting person's membership in the Class, including the number of Landry's common stock purchased and sold during the Class Period, and contain a statement of the reasons for objection. Only members of the Settlement Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XV.   SPECIAL NOTICE TO NOMINEES

If you hold or held any Landry's common stock purchased during the Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such persons; or (2) provide a list of the names and addresses of such persons to the Claims Administrator:

*In re Landry's Seafood Restaurants, Inc. Securities Litigation*
c/o Claims Administrator
Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward

- 13 -

the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

## XVI.   EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation.  For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States Courthouse, Southern District of Texas, Houston Division, 515 Rusk Avenue, Houston, Texas.

If you have any questions about the settlement of the Litigation, you may contact Plaintiffs' Settlement Counsel by writing:

> MILBERG WEISS BERSHAD
>  HYNES & LERACH LLP
> KEITH F. PARK
> 401 B Street
> Suite 1700
> San Diego, CA  92101
>
> WEISS & YOURMAN
> JOSEPH WEISS
> 551 Fifth Avenue
> Suite 1600
> New York, NY  10176

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: _____, 2002          BY ORDER OF THE COURT
                                                   UNITED STATES DISTRICT COURT
                                                   SOUTHERN DISTRICT OF TEXAS
                                                   HOUSTON DIVISION

N:\CASES\Landrys set\bmg82408.a-1

- 14 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re LANDRY'S SEAFOOD RESTAURANTS, INC. SECURITIES LITIGATION | § | Master File No. H-99-1948 |
| | § | CLASS ACTION |
| | § | |
| | § | |
| This Document Relates To: | § | |
| | § | |
| ALL ACTIONS. | § | |

**PROOF OF CLAIM AND RELEASE**

EXHIBIT A-2

## I.     GENERAL INSTRUCTIONS

1.     To recover as a Member of the Class based on your claims in the consolidated action entitled *In re Landry's Seafood Restaurants, Inc. Securities Litigation*, Master File No. H-99-1948 (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.     **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2002, ADDRESSED AS FOLLOWS:**

> *In re Landry's Seafood Restaurants, Inc. Securities Litigation*
> c/o Claims Administrator
> Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action) DO NOT submit a Proof of Claim and Release form.

4.     If you are a Member of the Class and you did not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.    DEFINITIONS

1.     "Defendants" means Landry's Seafood Restaurants, Inc., Tilman J. Fertitta, E.A. Jaksa, Jr., Steven L. Scheinthal, Paul S. West, Richard E. Ervin, James E. Masucci, Joe Max Taylor, Banc of America Securities LLC/NationsBank Montgomery Securities LLC, J.C. Bradford & Co., Morgan Stanley Dean Witter, Piper Jaffray, Inc., and Sanders Morris Mundy.

2.     "Released Persons" means each and all of the Defendants and the Related Parties.

- 1 -

## III.   CLAIMANT IDENTIFICATION

1.      If you purchased Landry's common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Landry's common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser or seller of record ("nominee"), if different from the beneficial purchaser of Landry's common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE LANDRY'S COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in Landry's Common Stock" to supply all required details of your transaction(s) in Landry's common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Landry's common stock which took place at any time beginning December 19, 1997 through September 18, 1998, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Landry's common stock.  The date of a "short sale" is deemed to be the date of sale of Landry's common stock.

5.      Broker confirmations or other documentation of your transactions in Landry's common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

*In re Landry's Seafood Restaurants, Inc. Securities Litigation*
Master File No. H-99-1948

PROOF OF CLAIM
Must be Postmarked No Later Than:
_____, 2002

Please Type or Print

PART I:      CLAIMANT IDENTIFICATION

---

Beneficial Owner's Name (First, Middle, Last)

---

Street Address

| | | |
|---|---|---|
| City | State | Zip Code |

| | |
|---|---|
| Foreign Province | Foreign Country |

| | |
|---|---|
| _____ | Individual |
| Social Security Number or Taxpayer Identification Number | _____    Corporation/Other |

_____
Area Code       Telephone Number (work)

_____
Area Code       Telephone Number (home)

---

Record Owner's Name (if different from beneficial owner listed above)

- 4 -

PART II:        SCHEDULE OF TRANSACTIONS IN LANDRY'S COMMON STOCK

A.      Number of shares of Landry's common stock held at the beginning of trading on December 19, 1997: _____

B.      Purchases (December 19, 1997 - September 18, 1998, inclusive) of Landry's common stock:

| Trade Date<br>Mo.  Day   Year | No. of Shares<br>Purchased | Total Purchase<br>Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

IMPORTANT:     Identify by number listed above all purchases in which you covered a "short sale": _____

C.      Sales (December 19, 1997 - September 18, 1998, inclusive) of Landry's common stock:

| Trade Date<br>Mo.  Day   Year | No. of Shares<br>Sold | Total Sales<br>Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

D.      Number of shares of Landry's common stock held at close of trading on September 18, 1998: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ THE RELEASE AND SIGN ON PAGE_____.

## V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Southern District of Texas with respect to my claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to Plaintiffs' Settlement Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases or sales of Landry's common stock during the Class Period and know of no other person having done so on my behalf.

## VI.    RELEASE

1.    I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his family.

2.    "Released Claims" shall collectively mean any and all claims (including Unknown Claims as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, by any of the Representative Plaintiffs and/or Settlement Class Members against any of the Defendants and/or the Related Parties arising out of, based upon or related to both the purchase of Landry's common stock by the Representative Plaintiffs or by any other Settlement Class Member during the Class Period and any of the facts, transactions, events, occurrences, acts,

- 6 -

disclosures, statements, omissions or failures to act which were, or could have been alleged in the Litigation based upon the facts which were alleged.

      3.      "Unknown Claims" means any Released Claims which any of the Representative Plaintiffs and/or Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Upon the Effective Date, the Representative Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable or equivalent to California Civil Code §1542.  The Representative Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Representative Plaintiffs acknowledge, and the Settlement Class Members

- 7 -

shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4.  This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5.  I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.  I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Landry's common stock which occurred during the Class Period as well as the number of shares of Landry's common stock held by me (us) at the beginning of trading on December 19, 1997 and the close of trading on September 18, 1998.

# SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number (TIN) and Certification

## PART I

NAME: _____

Check appropriate box:

☐ Individual/Sole Proprietor          ☐ Pension Plan
☐ Corporation          ☐ Partnership          ☐ Trust
☐ IRA          ☐ Other

Enter TIN on appropriate line.

- For individuals, this is your social security number (SSN).

- For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number (EIN).

- For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _   or          _ _ - _ _ _ _ _ _ _
Social Security Number          Employer Identification Number

## PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

## PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.)    The number shown on this form is my correct TIN; and

2.)    I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:        If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                          (Month / Year)

in _____, _____ .
        (City)                          (State / Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A
## SIGNIFICANT AMOUNT OF TIME.
## THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.    Please sign the above release and declaration.

2.    Remember to attach supporting documentation, if available.

3.    Do not send original or copies of stock certificates.

4.    Keep a copy of your claim form for your records.

5.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send us your new address.

N:\CASES\Landrys.set\bmg82409.a-2

.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re LANDRY'S SEAFOOD RESTAURANTS, § | Master File No. H-99-1948 |
| INC. SECURITIES LITIGATION § | |
| § | CLASS ACTION |
| ———————————————— § | |
| § | |
| This Document Relates To: § | |
| § | |
| ALL ACTIONS. § | |

**SUMMARY NOTICE FOR PUBLICATION**

EXHIBIT A-3

TO:     ALL PERSONS WHO PURCHASED LANDRY'S SEAFOOD RESTAURANTS, INC. ('LANDRY'S) COMMON STOCK DURING THE PERIOD COMMENCING DECEMBER 17, 1997 THROUGH SEPTEMBER 18, 1998, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of Texas, Houston Division , that a hearing will be held on _____, 2002, at _____ .m., before the Honorable Melinda Harmon at the United States Courthouse, 515 Rusk Avenue, Houston, Texas, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the sum of $6,000,000 in cash (plus accrued interest) should be approved by the Court as fair, just, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of November 20, 2001; (3) whether the Plan of Allocation is fair, just, reasonable and adequate and therefore should be approved; and (4) whether the application of plaintiffs' counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with this Litigation should be approved.

If you purchased the common stock of Landry's during the period beginning December 19, 1997, through September 18, 1998, inclusive, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *In re Landry's Seafood Restaurants, Inc. Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release no later than _____, 2002, establishing that you are entitled to recovery. You will be bound by any judgment rendered in the Litigation whether or not you make a claim.

All Members of the Class who desire to exclude themselves from the Class must do so by _____, 2002.

Any objection to the settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of expenses must be mailed or delivered such that it is received by each of the following no later than _____, 2002:

- 1 -

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
515 Rusk Avenue
Houston, Texas 77002

***Counsel for Plaintiffs***:

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
KEITH F. PARK
401 B Street
Suite 1700
San Diego, CA  92101

WEISS & YOURMAN
JOSEPH WEISS
551 Fifth Avenue
Suite 1600
New York, NY  10176

***Counsel for Certain Defendants***:

WILSON, SONSINI, GOODRICH &
 ROSATI
NINA F. LOCKER
IGNACIO E. SALCEDA
650 Page Mill Road
Palo Alto, CA  94304-1050

## PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED: _____, 2002          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF TEXAS
                                       HOUSTON DIVISION

N:\CASES\Landrys.set\BMG82410.a-3

- 2 -