CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
06/13/02
MICHAEL N. MILBY, CLERK
BY DEPUTY

United States Courts
Southern District of Texas
ENTERED
JUN 1 3 2002
Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re LANDRY'S SEAFOOD RESTAURANTS, INC. SECURITIES LITIGATION | § Master File No. H-99-1948 § § CLASS ACTION § |
| This Document Relates To:<br><br>ALL ACTIONS. | § § § § § § |

**FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE**

162

This matter came before the Court for hearing pursuant to the Order of this Court, dated April 4, 2002, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of November 20, 2001 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Settlement Class.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies a Class of all Persons (except Defendants, present and former executive officers and directors of any Defendant and/or their subsidiaries, their immediate heirs, successors, assigns and members of the immediate families of Defendants) who purchased Landry's common stock during the period from December 19, 1997 through September 18, 1998, inclusive, excluding those persons who timely and validly request exclusion from the Settlement Class pursuant to the "Notice of Pendency and Proposed Settlement of Class Action" sent to the Class. Included in the Class are those persons who acquired Landry's stock pursuant or traceable to the offering conducted on March 13, 1998.

4.  With respect to the Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the

desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the class action and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Representative Plaintiffs and the other members of the Settlement Class, and as against the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Settlement Class and each of the Settlement Class Members, especially in light of the benefits to the members of the Settlement Class, the complexity, expense and possible duration of further litigation, the discovery and investigation conducted, and the risk and difficulty of establishing liability, causation and damages. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Settlement Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Court further finds that the settlement set forth in the Stipulation is fair and equitable to the Lead Plaintiffs, the Settlement Class, each of the Settlement Class Members and the Defendants.

8. Upon the Effective Date hereof, the Representative Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

9. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

10.     Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Representative Plaintiffs from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

11.     Consistent with 15 U.S.C. §78u-4(g)(7), and any similar provision of law of any state or territory of the United States, (a) all Persons are hereby permanently barred, restrained, and enjoined from commencing, prosecuting, or asserting against any of the Defendants any claims (including without limitation claims for contribution, indemnity, and/or equitable indemnity) based upon, arising from, and/or in any way connected with or relating to the Released Claims, and (b) all Persons except the Defendants are hereby permanently barred, restrained, and enjoined from commencing, prosecuting, or asserting any such claims against the Related Parties. Any obligation or liability with respect to any such claims, except such obligations and liability by the Related Parties to the Defendants, is hereby fully, finally, and forever discharged, extinguished, and unenforceable. For the purpose of this ¶11, references to the Defendants shall include any/all of the Defendants and their assigns and subrogees.

12.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

13.     Any plan of allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

14. Except at the election of the Defendants (including any assignee(s) or subrogee(s) of the Defendants) or any of them, neither the Stipulation nor the settlement contained therein, nor any act performed or document prepared, executed and/or entered pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any action for any purpose.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including earnings thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: June 13, 2002

_____
THE HONORABLE MELINDA HARMON
UNITED STATES DISTRICT JUDGE

N:\CASES\Landrys.set\BMG82411.E-B

As of June 4, 2002

No Requests For Exclusion

Have Been Received

Exhibit 1

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2.That on June 5, 2002, declarant served the FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of June, 2002, at San Diego, California.

Adriana del Carmen

LANDRY'S
Service List - 05/31/02
Page    1


COUNSEL FOR PLAINTIFF(S)

Richard S. Schiffrin
Andrew L. Barroway
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA   19004
  610/667-7706
  610/667-7056 (fax)

Zachary Alan Starr
STARR & HOLMAN LLP
10 East 40th Street, 29th Floor
New York, NY   10016
  212/684-6442
  212/684-6432 (fax)


John G. Emerson, Jr.
Craig von Sternberg
THE EMERSON FIRM
830 Apollo Lane
Houston, TX   77058
  281/488-8854
  281/488-8867 (fax)

Marc R. Stanley
Roger L. Mandel
STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue
Suite 750
Dallas, TX   75205
  214/443-4301
  214/443-0358 (fax)

Katherine Blanck Radsan
MILBERG WEISS BERSHAD HYNES &
  LERACH LLP
1100 Connecticut Avenue, N.W.
Suite 730
Washington, DC   20036
  202/822-6762
  202/828-8528 (fax)


Robert J. Dyer III
DYER & SHUMAN, LLP
801 East 17th Avenue
Denver, CO   80218-1417
  303/861-3003
  303/830-6920 (fax)

Steven E. Cauley
Scott E. Poynter
Gina M. Cothern
CAULEY, GELLER, BOWMAN &
  COATES, LLP
P.O. Box 25438
Little Rock, AR   72221-5438
  501/312-8500
  501/312-8505 (fax)

Richard D. Kranich
LAW OFFICES OF RICHARD D.
  KRANICH
531 Main Street, Suite 407
New York, NY   10044-0107
  212/608-8965
  212/608-0886 (fax)

Thomas E. Bilek
HOEFFNER & BILEK, LLP
440 Louisiana, Suite 720
Houston, TX   77002
  713/227-7720
  713/227-9404 (fax)

*  Roger B. Greenberg
SCHWARTZ, JUNELL, CAMPBELL &
  OATHOUT, LLP
Two Houston Center
909 Fannin, Suite 2000
Houston, TX   77010
  713/752-0017
  713/752-0327 (fax)

LANDRY'S
Service List - 05/31/02
Page    2


COUNSEL FOR PLAINTIFF(S)

Thomas E. Egler
Daniel S. Drosman
Stephanie Schroder
MILBERG WEISS BERSHAD HYNES &
   LERACH LLP
401 B Street, Suite 1700
San Diego, CA  92101-5050
   619/231-1058
   619/231-7423 (fax)

Norman Berman
Jeffrey C. Block
BERMAN DEVALERIO PEASE TABACCO
   BURT & PUCILLO
One Liberty Square
Boston, MA  02109
   617/542-8300
   617/542-1194 (fax)

Joseph H. Weiss
Mark D. Smilow
* WEISS & YOURMAN
551 Fifth Avenue, Suite 1600
New York, NY  10176
   212/682-3025
   212/682-3010 (fax)

Jules Brody
Aaron Brody
Azivia Brody
STULL, STULL & BRODY
6 East 45th Street, 4th Floor
New York, NY  10017
   212/687-7230
   212/490-2022 (fax)

Robert M. Roseman
SPECTOR, ROSEMAN & KODROFF,
   P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
   215/496-0300
   215/496-6611 (fax)


COUNSEL FOR DEFENDANTS

Kathy D. Patrick
* GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, TX  77002
   713/650-8805
   713/750-0903 (fax)

Jerry L. Elmore
* FRANK, ELMORE, LIEVENS,
   CHESNEY & TURRET, L.L.P.
808 Travis Street, Suite 2600
Houston, TX  77002-5705
   713/224-9400
   713/224-0609 (fax)

David Sterling
Samuel Cooper
* BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002
   713/229-1234
   713/229-1522 (fax)

Nina F. Locker
Ellen Solomon
Ignacio E. Salceda
* WILSON SONSINI GOODRICH &
   ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304-1050
   650/493-9300
   650/565-5100 (fax)


      *  Denotes service via overnight delivery